**LOCAL 603**

v.

**ALEO MFG. CO. et al.**

Civ. No. 293.

United States District Court,
M. D. North Carolina,
Rockingham Division.

June 4, 1954.

William H. Abernathy, Charlotte, N. C., Cooper, Mitch & Black, Birmingham, Ala., for plaintiff.

Thornton H. Brooks, Greensboro, N. C., for defendant.

Robert S. Cahoon, Greensboro, N. C., for intervenors.

HAYES, District Judge.

This is a suit brought in the name of Local 603, an unincorporated association, against Aleo Manufacturing Company in which the plaintiff alleges that defendant has breached its contract by refusing to recognize and to permit plaintiff to execute its part of the contract. The relief sought is a permanent and mandatory injunction to direct toward plaintiff all the obligations which defendant owes to the labor organization party to the contract and to restrain defendant from directing its obligations under the contract toward any labor organization but plaintiff.

Local 603, United Textile Workers of America, and the United Textile Workers of America, AFL were allowed to intervene. They allege that Local 603 is chartered by United Textile Workers of America, AFL and that the Local 603 as such, with the advice and assistance of United Textile Workers of America, executed the contract now in force between the employees of defendant and Aleo Manufacturing Company and that the contract as such exists only between the parties to it.

The defendant moves to dismiss, among other causes, for that it appears from the complaint that plaintiff is not a party to the contract and not entitled to the relief sought.

Plaintiff asserts its claim on the basis of Local 603 being an independent local labor association; that it was affiliated with TWA of CIO and withdrew from it in 1952; that it then affiliated with UTW of AFL; that it could withdraw from its affiliation with UTW, AFL, by a majority vote; that it voted in January, 1954, by 36 to 24 to disaffiliate with UTW, AFL, and to affiliate with TWA, CIO; that late in February, 1954, when about 200 members were present, voted unanimously to approve the Local's action at its January meeting. From these assumptions, plaintiff contends that the minority is bound by the majority vote.

This Court is unable to agree with these deductions. Local 603 was a chartered local of UTW, AFL when the existing contract was entered into with the defendant. Officers of the local and of UTW, AFL negotiated and entered into the contract which remains in force until June 9, 1955. A controversy arose between CIO and AFL as to the bargaining unit in defendant's plant, although AFL was acting as such. On petition of CIO, an election was held on April 9, 1953. Local 603, UTWA, AFL won the election by an overwhelming majority. The NLRB certified it as the bargaining agent, and it continues to act in this capacity and to execute the contract according to its terms.

After the labor disturbance which arose among the members of Local 603 in January, 1954, many of the employees withdrew from UTW, AFL and joined TWA, CIO. Since that time, they have filed a petition with NLRB for an elec-

tion to declare CIO the bargaining agent and this is still pending before NLRB.

As of April 14, 1954, Aleo had 680 active employees and it had on file 549 check-off cards. These membership cards authorize Aleo to deduct from their wages membership dues; to recognize UTWA, AFL as the bargaining agent and agree to be bound by the Constitution and By-Laws of UTWA during the continuation of the contract or any extension thereof between the company and the union. Blue cards of revocation have been filed by 291 active employees, leaving 258 active employees who are still dues-paying members of UTWA, AFL. Under its Constitution, the Local continues as long as it retains a membership of seven. Section 6 provides: "The funds or property of a local union cannot be divided gratuitously among the members individually or collectively but shall remain intact for the use of the local union for its legitimate purposes, approved by the International Union, while seven or more members remain therein."

Those members of Local 603 who now undertake to act for it and who act as plaintiff herein are no longer members of UTWA, AFL and have no right whatever to act for it. To grant the relief sought by plaintiff, the Court would deprive the remaining loyal—indeed the only—members of UTWA, AFL of their rights under the existing contract and overthrow the certification of the NLRB that Local 603, UTWA, AFL is the bargaining agent of Aleo employees. While the members of the union can secede or withdraw at their pleasure, it does not follow that a mere majority can deprive the minority of their freedom to remain members of the union; nor can the majority overrule the certification of NLRB. Aleo and the union knew when this contract was extended that UTWA, AFL was the bargaining agent and each expected the other to comply faithfully with its obligations under the contract. There is no complaint between Aleo and Local 603, UTWA, AFL. They are still executing the contract according to its terms. It is unfortunate that the employees cannot make up their minds whether to affiliate with CIO or AFL. The Courts are not empowered to reform contracts and to determine who now constitutes the present shift of allegiance. It is perfectly clear that Aleo obligated itself to the contract on the assumption that Local 603 was an affiliate of UTWA, AFL and that the union would perform its obligations under the contract in return for the advantages the union received under the contract. The union has not repudiated the contract. It is performing it and resists the efforts of its seceding members to interfere.

What is said in National Labor Relations Board v. Harris-Woodson Co., Inc., 4 Cir., 179 F.2d 720, when considered in the light of the history of that case, does not constitute an authority to support the plaintiff's contention here. Nor does the collection of authorities in the extensive note to Local 1140, United Electrical Radio Machine Workers v. United Electrical Radio Machine Workers, 232 Minn. 217, 45 N.W.2d 408, 23 A.L.R.2d 1198, 1209, sustain it. On page 1227 is listed the authorities which are controlling in this cause.

"The duties of a bargaining agent selected under the terms of the Act extend beyond the mere representation of the interest of its own group members. By its selection as bargaining representative, it has become the agent of all the employees, charged with the responsibility of representing their interests fairly and impartially." Wallace Corp. v. NLRB, 323 U.S. 248, 255 and 256, 65 S.Ct. 238, 241, 89 L.Ed. 216. A Court of equity could not say to such an agent you must assume your duties but be deprived of the advantages.

While there is grave doubt of this Court's jurisdiction to grant the relief sought, the cause is dismissed on its merit for the reason that the plaintiff has failed to show it is the contracting party and entitled to the relief sought.